**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Le Lawrence Brown,<br><br>  Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>  Respondents. | No. CV-20-02208-PHX-MTL<br><br>**ORDER** |

Before the Court is Petitioner's Motion for Leave to Amend (Doc. 17) his petition for writ of habeas corpus. Also before the Court is Magistrate Judge Michael T. Morrisey's Report and Recommendation ("R & R"). (Doc. 10.) For the reasons that follow, the Court will deny Petitioner's motion for leave to amend. The Court also overrules Petitioner's objections and adopts the R & R in its entirety.

**I.   BACKGROUND**

In August 2019, Petitioner pled guilty in Maricopa County Superior Court to two counts of sexual abuse and two counts of attempted sexual conduct with a minor. (Doc. 6-1 at 13.) On September 5, 2019, in accordance with the plea agreement and as authorized by A.R.S. § 13–902, the trial court sentenced Petitioner to a five-year prison term followed by lifetime probation. (*Id.* at 35.)

On December 26, 2019, Petitioner filed a request for post-conviction relief ("PCR"). (*Id.* at 47.) The PCR court dismissed his request as untimely. (*Id.* at 79.) Next, Petitioner filed an appeal, which the Arizona Court of Appeals dismissed as "not appealable." (*Id.* at

81, 84.) The Arizona Supreme Court declined jurisdiction over Petitioner's subsequent special action seeking a writ of mandamus. (*Id.* at 86.)

In November 2020, Petitioner filed a petition for writ of habeas corpus with this Court. (Doc. 1.) Petitioner raises one ground for relief in the present petition: an Eighth Amendment violation for his term of lifetime probation. (*Id.* at 5–6.) The Magistrate Judge issued the instant R & R. (Doc. 10.) Petitioner filed objections to the R & R (Doc. 22) and the Defendant responded (Doc. 23).

## II. LEGAL STANDARD

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see also Rule 12 of the Rules Governing § 2254 Cases (recognizing general applicability in habeas of rules of civil procedure). Federal Rules of Civil Procedure Rule 15(a) provides that:

> (1) A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

Fed. R. Civ. P. 15(a). The court should freely give leave when justice so requires. This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). But district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). This de novo review requirement applies only to "the portions of the [Magistrate Judge's] recommendations to which the parties object." *Klamath Siskiyou Wildlands Ctr.*

*v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009). Such objections must be "specific." Fed. R. Civ. P. 72(b)(2).

The petition in this case was filed under 28 U.S.C. § 2254 because Petitioner's sentence was based on a state conviction. This Court must deny the petition as to any claims that state courts have adjudicated on the merits unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2). An unreasonable application of law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks and citation omitted). A petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 419–20 (citation omitted). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court . . . ." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

**III.   ANALYSIS**

Petitioner objects to the R & R because he asserts he was sentenced to three terms of lifetime probation, "in violation of the Law of Contracts." (Doc. 22 at 2–3.) Petitioner was sentenced to a term of supervised probation for life on Counts One, Four, and Five. (Doc. 6-1 at 36–40.) Petitioner's objection fails to overcome the fact that his claim is procedurally defaulted. (*See* Doc. 10.)   Even so, concurrent lifetime probationary sentences can be valid under the Eighth Amendment. *Drilling v. Schriro*, No. CV-08-00786-PHX-FJM, 2009 WL 348747, at *4, *10 (D. Ariz. Feb. 11, 2009) (dismissing a habeas petition where the petitioner argued that his concurrent terms of life probation violated the Eighth Amendment). Petitioner also contends that his lifetime probation sentences violated "the Law of Contracts." Again, Petitioner fails to clear the hurdle that

his claim is procedurally defaulted. *See Murray v. Carrier*, 477 U.S. 478, 479 (1986) (explaining what is required to show cause); *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989). Moreover, Petitioner does not explain which "Constitution, laws, or treaties of the United States" were violated, *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). As such, this objection is overruled.

Petitioner also objects to the R & R's conclusion that his claim under A.R.S. § 13-902 was waived. (Doc. 22 at 3–4.) Petitioner asserts that Section 13-902 is unconstitutional. Courts in this district have previously considered the constitutionality and the applicability of Section 13-902. *Clark v. Ricketts*, 958 F.2d 851, 859 (9th Cir. 1991) (finding Section 13-902 to be constitutional); *Cafaro v. Att'y Gen. of Arizona*, No. CV-19-00463TUC-SHR-MSA, 2020 WL 4284371, at *5 (D. Ariz. July 27, 2020) (holding Section 13-902 is "not ambiguous" nor does it "confl ict" and denying a petitioner's Eighth Amendment claim on a term of probation for a sex crime); *Reese v. Savage*, No. 04-0991-PHX-ROS, 2006 WL 1516020, at *6 (D. Ariz. May 25, 2006) (finding a sentence of lifetime probation for a sexual abuse conviction imposed pursuant to Section 13-902 to be constitutional). Furthermore, Petitioner's claim of cruel and unusual punishment has been procedurally defaulted, as explained herein, so a reversal of the R & R's determination that this claim has been waived would have no effect on the outcome of the petition. Accordingly, this objection is overruled.

Finally, granting Petitioner leave to amend would be futile. While it is true that a state court's misapplication of state contract law in interpreting a defendant's plea agreement may constitute an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1), *see Buckley v. Terhune*, 441 F.3d 688, 694–95 (9th Cir. 2006); *Brown v. Poole*, 337 F.3d 1155, 1159–60 (9th Cir. 2003), even had the trial court in this case erroneously interpreted Petitioner's plea agreement in sentencing him to three terms of probation, federal habeas relief would yet be unavailable because Petitioner's claim was procedurally defaulted. As such, Petitioner's motion for leave to amend is denied. (Doc. 17.)

## IV. CERTIFICATE OF APPEALABILITY

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because this Court rendered the judgment denying the Petition, the Court must either issue a certificate of appealability or state why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court finds that a certificate shall not issue either because dismissal of the Petition is justified by a "plain procedural bar," *id.* at 484, or because "jurists of reason" would not find the Court's assessment of the constitutional claims "debatable or incorrect," *id.* at 485.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation by Magistrate Judge Michael T. Morrissey. (Doc. 10.)

**IT IS FURTHER ORDERED denying** Petitioner's Motion to Amend. (Doc. 17.)

**IT IS FURTHER ORDERED** that Ronald Le Lawrence Brown's 28 U.S.C. § 2554 Petition (Doc. 1) is **dismissed with prejudice**.

**IT IS FURTHER ORDERED denying** a certificate of appealability.

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment terminating this case.

Dated this 1st day of July, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge